# EXHIBIT A

**In the Superior Court of the State of Arizona**
~~In and For the County of~~ Maricopa

# CV2018-054064

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Is Interpreter Needed?  ☐ Yes  ☒ No
If yes, what language:

MICHAEL K. JEANES, CLERK
BY _____ DEP
C. CRUZ, FILED

18 MAY -1  PM 3: 58

Plaintiff's Attorney  Richard P. Traulsen

Attorney Bar Number  16050

Plaintiff's Name(s):  (List all)        Plaintiff's Address:              Phone #:        Email Address:
Devin Justine Takeguma, Vivian Kindle, Lucy Pinder, Heather Rae Young, Jessica Killings, Rosie Jones

c/o Begam Marks & Traulsen, PA 11201 N. Tatum Blvd., Suite 110, Phoenix, AZ 85028, rtraulsen@bmt-law.com

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)
FREEDOM OF EXPRESSION, LLC d/b/a BONES, an Arizona Corporation; and DOES 1 through 20, inclusive,
(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:  ☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
                                                        (Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐101 Non-Death/Personal Injury
☐102 Property Damage
☐103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐111 Negligence
☐112 Product Liability – Asbestos
☐112 Product Liability – Tobacco
☐112 Product Liability – Toxic/Other
☐113 Intentional Tort

☐114 Property Damage
☐115 Legal Malpractice
☐115 Malpractice – Other professional
☐117 Premises Liability
☐118 Slander/Libel/Defamation
☒116 Other (Specify)  Misappropriation

**120 MEDICAL MALPRACTICE:**

☐121 Physician M.D.   ☐123 Hospital
☐122 Physician D.O.   ☐124 Other

Case No._____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 010116

CHRIS DEROSE
Clerk of the Superior Court
By Clarissa Cruz, Deputy
Date 05/01/2018 Time 15:56:23
Description                          Amount
--------- CASE# CV2018-054064 ---------
CIVIL NEW COMPLAINT                  322.00
----------------------------------------
TOTAL AMOUNT                         322.00
          Receipt# 26562369

1  Richard P. Traulsen – State Bar #016050
   **BEGAM, MARKS & TRAULSEN P.A.**
2  11201 North Tatum Blvd., Suite 110
   Phoenix, Arizona  85028-6037
3  (602) 254-6071
   rtraulsen@bmt-law.com
4
   Raymond P. Boucher CA Bar No. 115364
5  Brian M. Bush CA Bar No. 294713
   (Admitted Pro Hac Vice)
6  **BOUCHER LLP**
   21600 Oxnard Street, Suite 600
7  Woodland Hills, California 91367-4903
   Tel:   (818) 340-5400
8  Fax:   (818) 340-5401
   ray@boucher.la
9  bush@boucher.la

10 Attorneys for Plaintiffs

11        **SUPERIOR COURT OF THE STATE OF ARIZONA**

12               **COUNTY OF MARICOPA**

13 DEVIN JUSTINE TAKEGUMA, an
   individual, VIVIAN KINDLE, an                NO. CV 2018-054064
14 individual, LUCY PINDER, an individual,
   HEATHER RAE YOUNG, an individual,           **COMPLAINT**
15 JESSICA KILLINGS, an individual,
   ROSIE JONES, an individual,                 1. **Misappropriation of Likeness**
16
         Plaintiffs,                           2. **Violation of the Lanham Act, 15**
17                                                **U.S.C. § 1125(a)**
   v.
18                                             3. **False Light Invasion of Privacy**
   FREEDOM OF EXPRESSION, LLC d/b/a
19 BONES, an Arizona Corporation; and
   DOES 1 through 20, inclusive,
20
         Defendants.
21

22                    **INTRODUCTION**

23        1.      Plaintiffs are DEVIN JUSTINE TAKEGUMA, HEATHER RAE YOUNG,

24 JESSICA KILLINGS, LUCY PINDER, ROSIE JONES and VIVIAN KINDLE (collectively

25 herein referred to as "Plaintiffs"). They are professional models, business women, and well-

26 known social media personalities.

27        2.      Defendants are FREEDOM OF EXPRESSION, LLC d/b/a BONES (hereinafter

28 the "Defendant Club", "the Club" or "BONES CABARET"), and DOES 1 through 20,

the "Defendant Club", "the Club" or "BONES CABARET"), and DOES 1 through 20, inclusive, agents of Defendant Club and/or presently unnamed third parties who upon information and belief are responsible for the misappropriation of Plaintiffs' images and likenesses as alleged in this Complaint (collectively herein referred to as "Defendants").

3.      Defendants have pirated and altered the images, likeness and/or identity of each Plaintiff, and posted the same in advertisements or promotions and on Defendant Club's websites including its social media platforms, for purely self-serving commercial purposes.

4.      Having operated a business in the adult entertainment industry, Defendants were, or should have been, well aware of the standard negotiation process over terms of use, conditions of release, licensing issues, and other contractual incidences related to use and exploitation of images for Defendants' commercial benefit.

5.      Despite being well aware of an obligation to do so, Defendants never negotiated for or purchased any image of any Plaintiff. On the contrary, Defendants circumvented the typical arms-length negotiation process entirely and pirated the images. In doing so, Defendants deprived each Plaintiff of the right to say "no," to protect her image, brand and reputation, and gained a windfall by using and altering the images of professional and successful models for Defendants' own commercial purposes without having to compensate the models a single penny for such usage.

6.      Had each Plaintiff been afforded the opportunity to consider whether to consent and release rights as to the use or alteration of any image to Defendants for the promotion of the Defendant Club, each Plaintiff would have promptly and enthusiastically declined to do so.

7.      Defendants' misappropriation of Plaintiffs' likenesses, furthermore, encouraged among the public and Defendants' business invitees and patrons the false perception that each Plaintiff endorses, supports, participates in or attends the types of events hosted at the Defendant Club.

8.      Defendants' conduct is misleading and deceptive. Defendants' conduct is injurious to each Plaintiff by falsely and fraudulently representing that each Plaintiff depicted in the misappropriated images is somehow affiliated with Defendants, has contracted to

2

1  perform at and/or participate in events at the Defendant Club and/or has been hired to
2  promote, advertise, market or endorse the Defendant Club, its business and services of being a
3  partially nude Strip Club  and other activities offered at the Club. They also create the false
4  and fraudulent perception that each Plaintiff depicted in the advertisements will attend each
5  event and participate in the activities advertised.

6      9.    By using the Plaintiffs' images without authority or consent as alleged in this
7  Complaint, Defendants have jeopardized each Plaintiff's professional image, brand and
8  marketability.

9      10.    Defendants' conduct has also deprived each Plaintiff the opportunity to engage
10  in arms-length negotiations regarding the terms and conditions of use of their images,
11  including the term of any release, remuneration per image or use, or the ability to decline the
12  business opportunity entirely.

13  **JURISDICTION AND VENUE**

14      11.    This case arises under state law and jurisdiction is appropriate in the Superior
15  Court for the State of Arizona pursuant to Article VI § 14 of the Arizona Constitution, and
16  ARS § 12-123.

17      12.    Additionally, as a court of general jurisdiction pursuant to the Arizona
18  Constitution this Court has concurrent jurisdiction over Plaintiffs' Lanham Act (15 U.S.C. §
19  1125(a)(1)(A)) claim because no law gives federal courts exclusive jurisdiction over this cause
20  of action.

21      13.    Venue is proper in this Court pursuant to ARS § 12-401 because Defendant
22  BONES CABARET does business and resides in Maricopa County.

23  **PARTIES**

24  **Plaintiffs:**

25      14.    Plaintiff DEVIN JUSTINE TAKEGUMA ("TAKEGUMA") is, and at all times
26  relevant to this action was, an American model, actress and spokesmodel. She is a resident of
27  Newbury Park, California. TAKEGUMA was a *Playboy* Playmate and is a *Playboy* cyber
28  Girl. TAKEGUMA has been featured in *Playboy* Radio as well as numerous films and videos

3

1    for the series, *Playboy* Plus including in the *"Best of Legs Vol. 3"* as herself.

2        15.    Plaintiff HEATHER RAE YOUNG ("YOUNG") is, and at all times relevant to

3    this action was, an American model, business woman, actress and spokesperson. She was a

4    *Playboy* Playmate. YOUNG has been a spokesmodel for Capital Morgan, Smirnoff, Baileys

5    and Jose Cuervo, was featured in advertisement campaigns for the Affliction Clothing Line

6    and has modeled for such clients as Calao Swimwear, DSO Eyewear, Carrie Amber lingerie,

7    Hustler Lingerie, Superstar Swimwear and 7 Til Midnight Lingerie. As an actress, YOUNG

8    made a guest appearance on the hit television show *"Til Death"* and has appeared as herself on

9    multiple *Playboy* videos. YOUNG has 430,000 followers on Instagram, over 122,000 Twitter

10   followers and over 28,000 Facebook followers.

11       16.    Plaintiff JESSICA KILLINGS ("KILLINGS") is, and at all times relevant to this

12   action was, an American model, actress and video star. She is a resident of Los Angeles,

13   California. KILLINGS has appeared in some of the major men's magazines including

14   *Playboy, Maxim, FHM, King, SHOW, Blackmen, Straight Stuntin, Smooth, Mixed, Hip Hop*

15   *Wired, Low Rider*; she has been on the cover of *Dimez*. KILLINGS has starred as lead talent in

16   music videos for Tyga, Jay Sean with Nicki Minaj, Bow Wow, Big Sean with Chris Brown,

17   Baby Bash with Slim Thug and Far East with Snoop Dogg. KILLINGS has more than 1.8

18   million followers on Instagram and 57,000 Twitter followers.

19       17.    Plaintiff LUCY PINDER ("PINDER") is, and at all times relevant to this action

20   was, an English model, actress, spokesperson, host and reality television star. As a model,

21   PINDER has appeared in numerous magazines including *FHM, Loaded*, the *Daily Star*, on

22   *FHM's* list of the "100 Sexiest Women in the World" for three straight years and appeared on

23   the final cover of *Nuts*. PINDER has been featured on large international advertising

24   campaigns for major brands such as Unilever (Lynx) and Camelot (National Lottery). As an

25   actress, PINDER appeared as a contestant on the television shows *"Celebrity Big Brother"*,

26   *"I'm Famous and Frightened"*, *"Soccer AM"*, *"Weakest Link"*, *"Hotel Babylon"*, *"Dream*

27   *Team"*, and *"Bo! in the USA"*. She was a presenter on MTV's *"TMF"* and was the host of

28   *"Nuts TV"*. She has starred in the films *"The Seventeenth Kind"*, *"Age of Kill"* and *"Warrior*

4

1    *Savitri*". PINDER has a combined total of close to 2.1 million followers on her Facebook,

2    Instagram and Twitter accounts

3        18.    Plaintiff ROSIE JONES ("JONES") is, and at all times relevant to this action

4    was, an English model, actress, and business woman. JONES has been featured in magazines

5    such as *Nuts, Loaded, FHM, Front* and *The Sun* newspaper. JONES was also voted the "No. 1

6    Sexiest Babe" for two years straight by visitors to the *Nuts'* website, with over 1 million votes

7    each year. As an actress, JONES appeared in Bryan Ferry's music video for "*You Can

8    Dance*", in Professor Green's music video for "*Be Good To Green*" and in a number of music

9    video clips for the German comedy band Keule. JONES has 274,000 followers on Instagram,

10    over 945,000 Facebook followers and close to 283,000 followers on Twitter.

11        19.    Plaintiff VIVIAN KINDLE ("KINDLE") is, and at all times relevant to this

12    action was, an American model and actress. KINDLE has appeared in numerous magazines

13    such as *Maxim, FHM, American Curves, Push, Esquire, GQ,* and *World Physique*. As an

14    actress, KINDLE was featured in the feature film, "*School Dance,*" written, produced and

15    directed by Nick Cannon. She was a cast member of seasons 5-7 of MTV2's "*Wild'N'Out,*".

16    She has a recurring role on the famous, well known soap opera on CBS "*The Bold &

17    Beautiful.*" KINDLE has a combined total of more than 500,0000 followers on her Facebook,

18    Instagram and Twitter accounts

19    **Defendants:**

20        20.    Based on publicly available records, and further upon information and belief,

21    Defendant FREEDOM OF EXPRESSION, LLC operating and doing business as BONES

22    CABARET is a limited liability corporation organized and existing under the laws of the State

23    of Arizona with its principal place of business located at 2011 N. Scottsdale Road, Scottsdale,

24    Arizona 85257.

25        21.    At all relevant times mentioned herein the Defendant Club held itself out and

26    has held itself out to be a "Gentleman's Club" (i.e., a strip club) that engages in the business of

27    entertaining its patrons with beverage sales and sales of dance and other performances by

28    topless women at BONES CABARET in Scottsdale, Arizona.

22.     Plaintiffs are unaware of the true names and capacities of Defendants named herein as unidentified DOES 1 through 20, inclusive (hereinafter referred to as "DOES"), and, therefore, sues such Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint when the true names of said Defendants are ascertained. Plaintiffs are informed and believe and on such information and belief allege that each of the Defendants named by such a fictitious names at all times mentioned in this complaint were, the agent(s), servant(s), or employer of each of the other Defendants and that, in doing the acts alleged herein, were acting within the course and scope of said agency, service, or employment, and with the permission and consent of each of the other Defendants, and are, in some manner, responsible for the acts and omissions as alleged herein and are, therefore, liable to Plaintiffs for the damages alleged herein.

## FACTUAL ALLEGATIONS AS TO ALL CAUSES OF ACTION

**Defendants Use Website and Social Media Platforms for Marketing:**

23.     Upon information and belief, the Defendant Club coordinates its advertising, marketing and promotional activities through, among other things, active and dynamic use of its website, among others, and various coordinated social media promotions through Facebook, Twitter, Instagram and Tumblr pages ("Social Media Accounts"), among others.

24.     Defendants' marketing and promotional activities are publicly accessible through the World Wide Web, various social media outlets and affirmative prospect marketing.

25.     Plaintiffs are informed and believe and on such information allege that Defendants further promote their business by and through the use of marketing strategies including, but not limited to, the following: social media (such as Instagram [with 1,099 followers] and Facebook [with 3,951 followers]); flyers, commercials, and posters. At all times relevant to this Complaint, Defendants had actual and exclusive control over the contents contained within and/or displayed on each of said marketing devices.

26.     Upon information and belief, Defendant Club manages, operates and/or controls a "Facebook page" (accessible via the URL: https://www.facebook.com/bonescabaret/)

1 │ through which it promotes, endorses, and markets its business, solicits customers and

2 │ advertises events for the Club. Said website identifies the Defendant Club as being the "Best

3 │ Strip Club in Scottsdale with Epic Entertainment and Super Sexy Ladies". Defendants have at

4 │ all times relevant to this Complaint exercised actual control over the contents displayed on its

5 │ Facebook page through their own personal acts of posting items on the Facebook page, or by

6 │ expressly permitting and condoning another person(s)' act of posting items on the Facebook

7 │ page.

8 │      27.    Upon information and belief, Defendant manages, operates and/or controls an

9 │ "Instagram account" (accessible via the URL: https://www.instagram.com/bonescabaret/)

10 │ through which it promotes, endorses, and markets its business, solicits customers and

11 │ advertises events for the Club. Said website identifies the Defendant Club as being the

12 │ "Scottsdale's Hottest Gentlemen's Club Featuring Sexy Entertainers, Great Dancers & Hot

13 │ Girls!". Defendants have at all times relevant to this Complaint exercised actual control over

14 │ the contents displayed on its Instagram account through their own personal acts of posting

15 │ items on the Instagram Account, or by expressly permitting and condoning another person(s)'

16 │ act of posting items on the Instagram account.

17 │      28.    Upon information and belief, Defendant manages, operates and/or controls a

18 │ "Yelp page" (accessible via the URL: https://www.www.yelp.com/biz/bones-cabaret-

19 │ scottsdale-2) through which it promotes, endorses, and markets its business, solicits customers

20 │ and advertises events for the Club. Said website identifies the Defendant Club as setting the

21 │ "Standard for Strip Club Entertainment in Arizona with the Hottest Strippers in Old Town".

22 │ Defendants have at all times relevant to this Complaint exercised actual control over the

23 │ contents displayed on its Yelp page through their own personal acts of posting items on the

24 │ Yelp page, or by expressly permitting and condoning another person(s)' act of posting items

25 │ on the Yelp page.

26 │      29.    Upon information and belief, Defendant manages, operates and/or controls a

27 │ website (accessible via the URL: www.bonescabaret.club) through which it promotes,

28 │ endorses, and markets its business, solicits customers and advertises events for the Club. Said

1  website identifies the Defendant Club as being the "Best Cabaret in Arizona!". Defendants
2  have at all times relevant to this Complaint exercised actual control over the contents
3  displayed on its website through their own personal acts of posting items on the website, or by
4  expressly permitting and condoning another person(s)' act of posting items on the website.

5    30.    Defendants have used each Plaintiffs' images and likenesses in advertisements
6  and marketing displays on Defendant's social media accounts to generate additional revenue,
7  increase sales, and promote the patronage of the Defendant Club.

8  **Plaintiffs Are Professional Models and Their Images Are Commercially Valuable:**

9    31.    Each Plaintiff is a professional model who earns a living by promoting her
10  image and likeness to select clients, companies, commercial brands, media, social media and
11  entertainment outlets for the advertisement of products and services, as well as the promotion
12  of their own reputation and brand for modeling, acting, hosting, and other opportunities.

13    32.    Each Plaintiff's career in modeling, acting, and/or private enterprise has value
14  stemming from the goodwill and reputation each has built, all of which is critical to
15  establishing a brand, being selected for jobs and maximizing earnings.

16    33.    Each Plaintiff commands substantial sums of money for the licensed commercial
17  use of her image.

18    34.    A model's reputation directly impacts the commercial value associated with the
19  use of ones' image, likeness, or identity to promote a product or service and as such, Arizona
20  common law has recognized that the person has the right to control the commercial
21  exploitation of her name, likeness and identity.

22    35.    Each Plaintiff is a professional model in the ordinary course. Each Plaintiff
23  seeks to control the commercial use and dissemination of her image and, thus, actively
24  participates in vetting and selecting modeling, acting, brand spokesperson, or hosting
25  engagements.

26    36.    In the modeling industry, reputation is critical. Endorsing, promoting,
27  advertising or marketing the "wrong" product, or working in a disreputable industry can
28  severely impact a model's career by limiting or foreclosing future modeling or brand

8

endorsement opportunities. Conversely, association with high-end companies, products, or magazines can enhance and amplify a model's earning potential and career opportunities by making a model more sought after and desirable.

37.     As set forth below, each Plaintiff's image, likeness and/or identity has been misappropriated and intentionally altered by or at the direction of the Defendants, without Plaintiffs' consent for use in its online marketing scheme designed to promote the Defendant Club.

**The Misappropriated Images:**

38.     The Defendant Club unlawfully posted and/or displayed the Plaintiff's image and likeness at least fifteen times, on either their website, Facebook page, Instagram page and Yelp page, in connection with advertising BONES CABARET.

39.     Defendants posted TAKEGUMA's image and likeness on Defendant Club's Yelp page on or about March 29, 2017.

    a.     Defendants' use was unauthorized and for a commercial purpose.

    b.     TAKEGUMA is readily identifiable in the misappropriated image. No reasonable person in Defendants' position would mistakenly believe that Plaintiff was an employee or agent of the Club or otherwise affiliated with the Club.

    c.     Defendants never hired or contracted with TAKEGUMA to advertise, promote, market or endorse the Defendant Club.

    d.     TAKEGUMA has never been employed by Defendants or contracted with Defendants to participate in events at the Club.

    e.     Defendants never sought permission or authority to use or alter TAKEGUMA's image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

    f.     TAKEGUMA never gave permission, or assigned, licensed or otherwise consented to Defendants using or altering her image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

g.  Defendants neither offered nor paid any remuneration to TAKEGUMA for the unauthorized use or her image.

h.  Defendant's use and alteration of Plaintiff TAKEGUMA's image creates the false perception that TAKEGUMA has consented or agreed to promote, advertise, market and/or endorse the Defendant Club to benefit Defendants' commercial interests.

40.  Defendants posted YOUNG's image and likeness on Defendant Club's Yelp page on or about March 29, 2017.

a.  Defendants' use was unauthorized and for a commercial purpose.

b.  YOUNG is readily identifiable in the misappropriated image. No reasonable person in Defendants' position would mistakenly believe that Plaintiff was an employee or agent of the Club or otherwise affiliated with the Club.

c.  Defendants never hired or contracted with YOUNG to advertise, promote, market or endorse the Defendant Club.

d.  YOUNG has never been employed by Defendants or contracted with Defendants to participate in events at the Club.

e.  Defendants never sought permission or authority to use or alter YOUNG's image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

f.  YOUNG never gave permission, or assigned, licensed or otherwise consented to Defendants using or altering her image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

g.  Defendants neither offered nor paid any remuneration to YOUNG for the unauthorized use or her image.

h.  Defendant's use and alteration of YOUNG's image creates the false perception that YOUNG has consented or agreed to promote, advertise, market and/or endorse the Defendant Club to benefit Defendants'

commercial interests.

41.   Defendants posted KILLINGS' image and likeness on Defendant Club's Yelp page on or about March 29, 2017.

    a.   Defendants' use was unauthorized and for a commercial purpose.

    b.   KILLINGS is readily identifiable in the misappropriated image. No reasonable person in Defendants' position would mistakenly believe that Plaintiff was an employee or agent of the Club or otherwise affiliated with the Club.

    c.   Defendants never hired or contracted with KILLINGS to advertise, promote, market or endorse the Defendant Club.

    d.   KILLINGS has never been employed by Defendants or contracted with Defendants to participate in events at the Club.

    e.   Defendants never sought permission or authority to use or alter KILLINGS' image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

    f.   KILLINGS never gave permission, or assigned, licensed or otherwise consented to Defendants using or altering her image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

    g.   Defendants neither offered nor paid any remuneration to KILLINGS for the unauthorized use or her image.

    h.   Defendant's use and alteration of KILLINGS' image creates the false perception that KILLINGS has consented or agreed to promote, advertise, market and/or endorse the Defendant Club to benefit Defendants' commercial interests.

42.   Defendants posted PINDER's image and likeness on Defendant Club's Facebook page on or about August 7, 2016, August 18, 2016 and September 4, 2016. Defendants posted PINDER's image and likeness on Defendant Club's Instagram page on or about August 7, 20¨6 and September 4, 2016. Defendants also posted PINDER's image and

1  likeness on Defendant Club's website on or about September 5, 2016 and October 13, 2016.

2         a.    Defendants' use was unauthorized and for a commercial purpose.

3         b.    PINDER is readily identifiable in the misappropriated image. No
4               reasonable person in Defendants' position would mistakenly believe that
5               Plaintiff was an employee or agent of the Club or otherwise affiliated
6               with the Club.

7         c.    Defendants never hired or contracted with PINDER to advertise,
8               promote, market or endorse the Defendant Club.

9         d.    PINDER has never been employed by Defendants or contracted with
10              Defendants to participate in events at the Club.

11         e.    Defendants never sought permission or authority to use or alter
12              PINDER's image, likeness or identity to advertise, promote, market or
13              endorse the Defendant Club.

14         f.    PINDER never gave permission, or assigned, licensed or otherwise
15              consented to Defendants using or altering her image, likeness or identity
16              to advertise, promote, market or endorse the Defendant Club.

17         g.    Defendants neither offered nor paid any remuneration to PINDER for the
18              unauthorized use or her image.

19         h.    Defendant's use and alteration of PINDER's image creates the false
20              perception that PINDER has consented or agreed to promote, advertise,
21              market and/or endorse the Defendant Club to benefit Defendants'
22              commercial interests.

23      43.    Defendants posted JONES' image and likeness on Defendant Club's Facebook
24  page on or about May 24, 2016. Defendants also posted JONES' image and likeness on
25  Defendant Club's Instagram page on or about May 24, 2016. Defendants posted JONES'
26  image and likeness on Defendant Club's Yelp page on or about March 29, 2017.

27         a.    Defendants' use was unauthorized and for a commercial purpose.

28         b.    JONES is readily identifiable in the misappropriated image. No

reasonable person in Defendants' position would mistakenly believe that Plaintiff was an employee or agent of the Club or otherwise affiliated with the Club.

    c.    Defendants never hired or contracted with JONES to advertise, promote, market or endorse the Defendant Club.

    d.    JONES has never been employed by Defendants or contracted with Defendants to participate in events at the Club.

    e.    Defendants never sought permission or authority to use or alter JONES' image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

    f.    JONES never gave permission, or assigned, licensed or otherwise consented to Defendants using or altering her image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

    g.    Defendants neither offered nor paid any remuneration to JONES for the unauthorized use or her image.

    h.    Defendant's use and alteration of JONES' image creates the false perception that JONES has consented or agreed to promote, advertise, market and/or endorse the Defendant Club to benefit Defendants' commercial interests.

44.    Defendants posted KINDLE's image and likeness on Defendant Club's Yelp page on or about March 29, 2017.

    a.    Defendants' use was unauthorized and for a commercial purpose.

    b.    KINDLE is readily identifiable in the misappropriated image. No reasonable person in Defendants' position would mistakenly believe that Plaintiff was an employee or agent of the Club or otherwise affiliated with the Club.

    c.    Defendants never hired or contracted with KINDLE to advertise, promote, market or endorse the Defendant Club.

d.   KINDLE has never been employed by Defendants or contracted with Defendants to participate in events at the Club.

e.   Defendants never sought permission or authority to use or alter KINDLE's image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

f.   KINDLE never gave permission, or assigned, licensed or otherwise consented to Defendants using or altering her image, likeness or identity to advertise, promote, market or endorse the Defendant Club.

g.   Defendants neither offered nor paid any remuneration to KINDLE for the unauthorized use or her image.

h.   Defendant's use and alteration of KINDLE's image creates the false perception that KINDLE had consented or agreed to promote, advertise, market and/or endorse the Defendant Club to benefit of Defendants' commercial interests.

## COUNT I

**Violation of Common Law Right of Publicity: Misappropriation of Likeness**

*(All Plaintiffs vs. All Defendants)*

45.   Plaintiffs hereby incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully alleged herein.

46.   Arizona recognizes a common law right of publicity whereby Plaintiffs hold the exclusive right to control the public dissemination of their name and likeness for commercial use.

47.   Defendants may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of the Plaintiffs without their express consent to such use.

48.   Nevertheless, in violation of Arizona law, Defendants published, printed, displayed and/or publicly used the Plaintiffs' images, likenesses and identity on their website and social media outlets, for purposes of trade and/or commercial advertising including, but

14

not limited to, promoting, advertising and marketing the Defendant Club, and its events and activities.

49.    Each of the Plaintiff's faces and/or body are shown in each advertisement, and are clearly lighted and readily identifiable and distinguishable.

50.    Plaintiffs never consented to Defendants' use of their images, likenesses or identities for any purpose.

51.    Defendants misappropriated Plaintiffs' images in clandestine fashion without their knowledge and without even attempting to acquire Plaintiffs' permission.

52.    The Defendants acted intentionally by selecting Plaintiffs' images and, knowing they did not have permission to use the images for commercial gain, by posting the images to Defendants' social media platforms and/or website in an effort to market the Defendant Club and its activities and events; in the alternative, and at a minimum, the Defendant Club acted with reckless indifference to Plaintiffs' legal rights by expressly permitting, allowing and condoning Doe Defendants 1-20 to post Plaintiffs' images on its website and/or social media platforms for the purpose of marketing and advertising the Club.

53.    Defendants are in the adult entertainment business, and knew or should have known of the standard negotiation process over terms of use, conditions of release, licensing issues, and other contractual incidences related to use and exploitation of a professional model's image and likeness for Defendants' commercial benefit.

54.    Nonetheless, Defendants circumvented the appropriate licensing and negotiating process thereby avoiding payment to Plaintiffs, the cost of a photoshoot, payments to Plaintiffs agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

55.    Defendants have caused and will continue to cause irreparable harm to the Plaintiffs, their reputations and brands by attributing to Plaintiffs their involvement with Strip Clubs, nude entertainment, and Plaintiffs' association in such activities.

56.    Defendants also have damaged the Plaintiffs as a direct and proximate result of their unauthorized use of their images, likenesses and/or identity without compensating the

1  Plaintiffs, thereby entitling Plaintiffs to recover in money damages the actual and fair market
2  value of each misappropriated use of their likenesses in an amount to be established by proof
3  at trial.

4      57.     As a further direct and proximate result of Defendants' conduct as alleged
5  herein, Defendants have earned and withheld profits attributable directly or indirectly to the
6  unlawful use of Plaintiffs' images, entitling Plaintiffs to disgorgement of those ill-gotten gains
7  in an amount to be established by proof at trial.

8                                **COUNT II**
9                **Violation of the Lanham Act, 15 U.S.C. § 1125(a)**
10                     (*All Plaintiffs vs. All Defendants*)

11     58.     Plaintiffs hereby incorporate by reference each and every allegation set forth in
12  the foregoing paragraphs as if fully alleged herein.

13     59.     Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.* prohibits a party in
14  commercial advertising and promotion from "misrepresent[ing] the nature, characteristics,
15  qualities or geographic origin of his or her or another person's goods, services or commercial
16  activities . . . ." 15 U.S.C. §1125(a)(1)(B).

17     60.     Defendants used Plaintiffs' images, likenesses and/or identities as described
18  herein without authority in order to create the perception that the Plaintiffs' worked at or was
19  otherwise affiliated with the Defendant Club, endorsed the Club or the Club's business
20  activities, and/or consented to or authorized Defendants' or the Club's usage of their images in
21  order to advertise, promote, and market the Defendant Club and Defendants' business
22  activities.

23     61.     Defendants' use and alteration of the Plaintiffs' images, likenesses and/or
24  identities to advertise, promote and market Defendants' business, the Club, and/or the Club's
25  events and activities as described in this Complaint was false and misleading.

26     62.     Defendants' unauthorized use and alteration of the Plaintiff's images, likenesses
27  and/or identities as described in this Complaint constitutes false advertising by suggesting or
28  implying, among other things, that the Plaintiffs worked at or was otherwise affiliated with the

1   Club, endorsed Defendants' business, the Club or the Club's events or activities, or consented

2   to or authorized Defendants' or the Club's usage or alteration of their images in order to

3   advertise, promote, and market Defendants' business or the Club's events and activities and/or

4   that the Plaintiffs would participate in or appear at the specific events promoted in the

5   advertisement.

6       63.    Defendants' false advertising described above has the capacity or tendency to

7   confuse consumers, including actual and prospective patrons to the Club, as to the general

8   quality of attendees and participants at the Club and in its events, as well as specifically

9   whether the Plaintiffs worked at or were otherwise affiliated with the Club, endorsed

10   Defendants' business, the Club or the Club's events or activities, or would appear in person at

11   the Defendant Club's events and activities.

12       64.    Upon information and belief, Defendants' false advertising described above did,

13   in fact, deceive and/or cause consumer confusion as to whether the Plaintiffs worked at or

14   were otherwise affiliated with the Club, endorsed Defendants' business, the Club or the Club's

15   events and activities, or consented to or authorized Defendants' or the Club's usage of her

16   images in order to promote Defendants' business or the Club's events and activities.

17       65.    Among other things, upon information and belief, such unauthorized use or

18   alteration misled and served to entice consumers and prospective consumers to visit the Club

19   and participate in events at the Club and had a material effect and impact on the decision of

20   patrons and prospective patrons to visit Defendants' business establishment.

21       66.    Defendants' advertisements, promotions and marketing of the Club and events at

22   the Club occur in and are targeted to interstate commerce. Specifically, Defendants' promote

23   their business and events through interstate promotions and campaigns to target persons from

24   several different states across the United States. Defendants principally use the World Wide

25   Web, social media and other vehicles of interstate commerce to advertise, market, promote,

26   and entice or lure traffic and patronage to their establishment.

27       67.    Defendants' unauthorized use of the Plaintiffs' images, likenesses and/or

28   identities as described herein was designed to benefit Defendants' business interests by,

17

among other things, promoting the Club and its activities and attracting clientele to the Club.

68.     Defendants knew or should have known that their unauthorized use of the Plaintiffs' images, likenesses and/or identities would cause consumer confusion as described in this Complaint.

69.     Defendants' unauthorized use and alteration of the Plaintiff's images, likenesses and/or identities, as described herein violates 15 U.S.C. §1125(a) and was wrongful.

70.     Defendants' wrongful conduct as described herein was willful.

71.     Defendants had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive the Plaintiffs of their property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to the Plaintiffs.

72.     The method and manner in which Defendants used the images of the Plaintiffs further evinces that Defendants were aware of and/or consciously disregarded the fact that the Plaintiffs did not consent to Defendants' use of the images to advertise Defendants' business.

73.     Defendants have caused and will continue to cause irreparable harm to the Plaintiff's, their reputations and brand by attributing to the Plaintiff's their involvement with Strip Clubs, nude entertainment, and Plaintiff's association in such activities.

74.     Defendants also have damaged the Plaintiffs as a direct and proximate result of their unauthorized use of their images, likenesses and/or identity without compensating the Plaintiffs, thereby entitling Plaintiffs to recover in money damages the actual and fair market value of each misappropriated use of their likenesses in an amount to be established by proof at trial.

75.     As a further direct and proximate result of Defendants' conduct as alleged herein, Defendants have earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to disgorgement of those ill-gotten gains in an amount to be established by proof at trial.

76.     Defendants' conduct was purposeful and malicious in that Defendants knowingly violated Plaintiffs' rights solely to benefit their business, increase profits, and

1  avoid paying money to legally acquire the right to commercial use of the Plaintiffs' images,

2  and consequently, exceptional relief is warranted pursuant to 15 U.S.C. §§ 1116, and 1117(a),

3  entitling Plaintiffs to treble damages and reasonable attorneys' fees.

### COUNT III

### False Light Invasion of Privacy

### (*All Plaintiffs vs. All Defendants*)

7  77.    Plaintiffs hereby incorporate by reference each and every allegation set forth in

8  the foregoing paragraphs as if fully alleged herein.

9  78.    Defendants' posting of Plaintiffs' images on its website and/or social media

10  platforms, as alleged, created the false and misleading impression that Plaintiffs approved of

11  and participated in some manner in the Defendant Club's business activities, i.e., selling

12  access to nude and partially nude female dancers and entertainers.

13  79.    This impression is both misleading and false.

14  80.    The misappropriated images were published by Defendants on the World Wide

15  Web and/or publicly accessible and viewable social media platforms, and thus, constituted

16  public statements.

17  81.    The impression created about the Plaintiffs would be highly offensive to a

18  reasonable person.

19  82.    Defendants knew their unauthorized usages of the Plaintiff's images, likenesses

20  and/or identity was misleading. Defendants knew that Plaintiffs never worked at the

21  Defendant Club, promoted the Defendant Club, or authorized the Defendant Club to use their

22  likenesses to advance Defendants' business interests. Defendants nevertheless posted and/or

23  authorized the posting of the images of Plaintiffs with impunity.

24  83.    Defendants' conduct was willful, driven by the impulse to save thousands of

25  dollars on hiring its own models and photographers and acquiring the appropriate licensing to

26  use those models' images in their advertisements and promotions.

27  84.    Defendants acted with reckless indifference about whether the posting of

28  Plaintiffs' images, as alleged, would create a false and misleading impression about the

1  Plaintiffs.

2       85.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered

3  harm to their professional reputation as well as general damages including mental and

4  emotional damages.

5       86.     Defendants acted with malice; their conduct was purely profit driven and in

6  reckless and callous disregard to placing Plaintiffs in a false light and giving the impression

7  that Plaintiffs were involved in, agreed with, and condoned the activity of stripping for or

8  providing adult entertainment to Defendants' business invitees. Accordingly, Defendants'

9  conduct warrants the imposition of punitive damages to the fullest extent permitted by law.

10                              **PRAYER FOR RELIEF**

11       WHEREFORE, each Plaintiff individually respectfully prays that this Court grant

12  Judgment to each Plaintiff, respectively, and against Defendants, jointly and severally, and

13  awards as follows:

14       1.     As to Count I, actual damages and disgorgement of profits attributable to

15              Defendants' misappropriation of the Plaintiff's likeness;

16       2.     As to Count II, actual damages and disgorgement of profits attributable to

17              Defendants' misappropriation of the Plaintiff's likeness, as well as treble

18              damages and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1116, and

19              1117(a);

20       3.     As to Count III, appropriate compensatory damages for the Plaintiff's emotional

21              and mental suffering and harm to professional reputation;

22       4.     As to Count III, an award of appropriate punitive damages;

23       5.     As to Counts I and II, prejudgment interest on the sum at the appropriate legal

24              rate;

25       6.     For costs of suit; and

26       7.     For such other and further relief as the Court deems just.

27

28

20

1

## JURY DEMAND

2      WHEREFORE, each Plaintiff individually and collectively demands a jury trial on all

3   causes and all issues so triable.

4      DATED this 1st day of May, 2018.

5      **BEGAM MARKS & TRAULSEN, P.A.**

6

7

8   By _____

9      Richard P. Traulsen
       11201 North Tatum Blvd.
       Suite 110
10     Phoenix, Arizona  85028

11     **BOUCHER LLP**

12     Raymond P. Boucher
       Brian M. Bush
13     21600 Oxnard Street, Suite 600
       Woodland Hills, California 91367-4903
14
       Attorneys for Plaintiffs
15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

MICHAEL K. JEANES, CLERK
BY
C. Cruz
DEP
C. CRUZ, FILED

18 MAY -1  PM 3: 58

1  | Richard P. Traulsen – State Bar #016050
**BEGAM, MARKS & TRAULSEN P.A.**
2  | 11201 North Tatum Blvd., Suite 110
Phoenix, Arizona  85028-6037
3  | (602) 254-6071
rtraulsen@bmt-law.com
4  |
Raymond P. Boucher CA Bar No. 115364
5  | Brian M. Bush CA Bar No. 294713
(Admitted Pro Hac Vice)
6  | **BOUCHER LLP**
21600 Oxnard Street, Suite 600
7  | Woodland Hills, California 91367-4903
Tel:   (818) 340-5400
8  | Fax:   (818) 340-5401
ray@boucher.la
9  | bush@boucher.la

10 | Attorneys for Plaintiffs

11 | **SUPERIOR COURT OF THE STATE OF ARIZONA**

12 | **COUNTY OF MARICOPA**

13 | DEVIN JUSTINE TAKEGUMA, an
individual, VIVIAN KINDLE, an
14 | individual,LUCY PINDER, an individual,
HEATHER RAE YOUNG, an individual,
15 | JESSICA KILLINGS, an individual,
ROSIE JONES, an individual,
16 |
      Plaintiffs,
17 |
v.
18 |
FREEDOM OF EXPRESSION, LLC d/b/a
19 | BONES, an Arizona Corporation; and
DOES 1 through 20, inclusive,
20 |
      Defendants.
21 |

NO.  CV 2018-054064

**PLAINTIFFS' CERTIFICATE RE:
COMPULSORY ARBITRATION**

22 |      The undersigned certifies that he knows the dollar limits and any other limitations set

23 | forth by the local rules of practice for the applicable superior court, and further certifies that

24 | this case is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the

25 | Arizona Rules of Civil Procedure.

26 |

27 |

28 |

1

DATED this 1st day of May, 2018.

**BEGAM MARKS & TRAULSEN, P.A.**


By _____

Richard P. Traulsen
11201 North Tatum Blvd.
Suite 110
Phoenix, Arizona  85028

**BOUCHER LLP**

Raymond P. Boucher
Brian M. Bush
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

Attorneys for Plaintiffs

2

1   Richard P. Traulsen – State Bar #016050
**BEGAM, MARKS & TRAULSEN P.A.**
2   11201 North Tatum Blvd., Suite 110
Phoenix, Arizona  85028-6037
3   (602) 254-6071
rtraulsen@bmt-law.com

4

Raymond P. Boucher CA Bar No. 115364
5   Brian M. Bush CA Bar No. 294713
(Admitted Pro Hac Vice)
6   **BOUCHER LLP**
21600 Oxnard Street, Suite 600
7   Woodland Hills, California 91367-4903
Tel:    (818) 340-5400
8   Fax:    (818) 340-5401
*ray@boucher.la*
9   bush@boucher.la

10  Attorneys for Plaintiffs

11          **SUPERIOR COURT OF THE STATE OF ARIZONA**

12                **COUNTY OF MARICOPA**

13  DEVIN JUSTINE TAKEGUMA, an
individual, VIVIAN KINDLE, an
14  individual, LUCY PINDER, an individual,
HEATHER RAE YOUNG, an individual,
15  JESSICA KILLINGS, an individual,
ROSIE JONES, an individual,
16

     Plaintiffs,
17

18  v.

19  FREEDOM OF EXPRESSION, LLC d/b/a
BONES, an Arizona Corporation; and
20  DOES 1 through 20, inclusive,

     Defendants.
21

NO.   CV 2 0 1 8 - 0 5 4 0 6 4

**SUMMONS**

If you would like legal advice from a lawyer
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

22  THE STATE OF ARIZONA TO DEFENDANT: FREEDOM OF EXPRESSION, LLC
                               d/b/a BONES
23

24         YOU ARE HEREBY SUMMONED and required to appear and defend, within
the time applicable, in this action in this Court. If served within Arizona, you shall appear and
25  defend within 20 days after the service of the Summons and Complaint upon you, exclusive of
the day of service. If served out of the State of Arizona - whether by direct service, by
26  registered or certified mail, or by publication - you shall appear and defend within 30 days
after the service of the Summons and Complaint upon you is complete, exclusive of the day of
27  service. Where process is served upon the Arizona Director of Insurance as an insurer's
attorney to receive service of legal process against it in this state, the insurer shall not be
28  required to appear, answer or plead until expiration of 40 days after the date of such service
upon the Director. Service by registered or certified mail within the State of Arizona is

complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS Sections 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiffs' attorney. RCP 10(D); ARS Section 12-311; RCP 5.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least 3 judicial days in advance of a scheduled proceeding. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least 10 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiffs attorney is:

Richard P. Traulsen
**BEGAM, MARKS & TRAULEN, P. A.**
11201 North Tatum Blvd. Suite 110
Phoenix, Arizona  85028-6037

Raymond P. Boucher
Brian M. Bush
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

SIGNED AND SEALED this date: COPY

CLERK                                          MAY 0 1 2018

                                    CHRIS DEROSE, CLERK
                                    C. CRUZ
By_____            DEPUTY CLERK
Deputy Clerk

METHOD OF SERVICE:
[X] Private Process Service

2

BEGAM MARKS & TRAULSEN, P.A.
RICHARD P. TRAULSEN
STATE Bar # 016050
11201 N. TATUM BLVD, SUITE 110
PHOENIX, AZ  85028
(602)254-6071
ATTORNEY FOR THE PLAINTIFF



CHRIS DEROSE, CLERK
RECEIVED CCB #2
DOCUMENT REPOSITORY

18 JUN -8  PM 3: 29

FILED BY: _Evazquez

IN THE SUPERIOR COURT
MARICOPA COUNTY, STATE OF ARIZONA

|  |  |
|---|---|
| DEVIN JUSTINE TAKEGUMA, AN INDIVIDUAL, VIVIAN KINDLE, AN INDIVIDUAL, LUCY PINDER, AN INDIVIDUAL, HEATHER RAE ET AL.,<br><br>    PLAINTIFF<br><br>            vs<br><br>FREEDOM OF EXPRESSION, LLC D/B/A BONES, AN ARIZONA CORPORATION; AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>    DEFENDANT | NO. CV2018-054064<br><br>CERTIFICATE OF ATTEMPTED SERVICE BY PRIVATE PERSON<br><br>ASSIGNED TO THE HONORABLE JUDGE: |

STATE OF ARIZONA     )   ss.
County of Maricopa   )

The undersigned, being first duly sworn, states:
1.  That I am fully qualified, pursuant to RCP 4(d), to serve process in this cause:

2.  That on 05/04/2018 I received the following documents:

    a)  SUMMONS & COMPLAINT
    b)  CERTIFICATE ON COMPULSORY ARBITRATION
    c)
    d)
    e)
    f)
    g)
    h)
    i)
    j)
    k)
    l)

Service GPS coordinates Lat: 33.5098828    Lon: -111.9433726
Track Down, Inc.              Client ID No....: 18794
P.O. Box 33020               Field Report No.: 2169754     (v4.35)
Phoenix, AZ 85067
(602) 252-8521

-1-

3. That the person served does not have any military obligations, except as noted below.

4. That if this is an affidavit of posting of a trustee's sale, a due and diligent effort to ascertain whether or not trustors are affiliated with the military service was done, and no one could be found at the posting location who had knowledge of the trustors except as noted below.

5. That I personally served copies of the above documents, on the person at the time, place and manner as follows:

### ATTEMPTED SERVICE

Upon Freedom of Expression, LLC dba Bones, by attempting service on Todd Borowsky, at 6130 E Cholla Ln, Scottsdale AZ 85253. Attempts were made: 5/6 at 4:14 PM, 5/7 at 11:01 AM and 7:12 PM, 5/8 at 8:26 AM, and 5/14 at 10:32 AM, with no response and avoidance suspected. Cards were left with no response. There was someone peeking out of the home during multiple attempts but they refused to answer the door. There is no further information available.

| | | |
|---|---|---|
| 0 Document(s) served: | $0.00 | I certify under penalty of perjury that the foregoing is true and correct. Executed on: Tuesday the 05th Day of June, 2018 |
| 0 W/G(s) served: | $0.00 | |
| 0 Sales Notices posted: | $0.00 | |
| 25 Miles: | $60.00 | |
| Min. Miles Total | $0.00 | |
| Document Prep.Fee | $10.00 | Bernard Johnson        #MC-8152 |
| Witness Fee | $0.00 | Certified in MARICOPA County |
| Filing Fee | $0.00 | |
| Additional Cost | $0.00 | |
| | $0.00 | Track Down, Inc. |
| | $0.00 | P.O. Box 33020 |
| | $0.00 | Phoenix, AZ 85067 |
| TOTAL | $70.00 | (602) 252-8521 |

-2-                                    2169754      (v4.35)

BEGAM MARKS & TRAULSEN, P.A.
RICHARD P. TRAULSEN
STATE Bar # 016050
11201 N. TATUM BLVD, SUITE 110
PHOENIX, AZ  85028
(602)254-6071
ATTORNEY FOR THE PLAINTIFF

IN THE SUPERIOR COURT
MARICOPA COUNTY, STATE OF ARIZONA

|  |  |
|---|---|
| DEVIN JUSTINE TAKEGUMA, AN INDIVIDUAL, VIVIAN KINDLE, AN INDIVIDUAL, LUCY PINDER, AN INDIVIDUAL, HEATHER RAE ET AL., PLAINTIFF<br><br>vs<br><br>FREEDOM OF EXPRESSION, LLC D/B/A BONES, AN ARIZONA CORPORATION; AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>DEFENDANT | NO. CV2018-054064<br><br>CERTIFICATE OF ATTEMPTED SERVICE BY PRIVATE PERSON<br><br>ASSIGNED TO THE HONORABLE JUDGE: |

STATE OF ARIZONA    )   ss.
County of Maricopa  )

The undersigned, being first duly sworn, states:

1.  That I am fully qualified, pursuant to RCP 4(d), to serve process in this cause:

2.  That on 07/05/2018 I received the following documents:

    a)  SUMMONS & COMPLAINT
    b)  CERTIFICATE ON COMPULSORY ARBITRATION
    c)
    d)
    e)
    f)
    g)
    h)
    i)
    j)
    k)
    l)

Service GPS coordinates Lat: 33.6960916    Lon: -111.8908747
Track Down, Inc.                    Client ID No....: 18794
P.O. Box 33020                      Field Report No.: 2176360    (v4.35)
Phoenix, AZ 85067
(602) 252-8521

-1-

3.   That the person served does not have any military obligations,
     except as noted below.

4.   That if this is an affidavit of posting of a trustee's sale, a
     due and diligent effort to ascertain whether or not trustors are
     affiliated with the military service was done, and no one could
     be found at the posting location who had knowledge of the
     trustors except as noted below.

5.   That I personally served copies of the above documents, on the
     person at the time, place and manner as follows:

                          ATTEMPTED SERVICE
Upon Freedom of Expression, LLC dba Bones, by attempting service on
Todd Borowsky, Statutory Agent, at 22214 N Lasenda Dr, Scottsdale AZ
85255. On 7/9 at 8:00 AM I spoke with the Agent's father who advised
the Agent no longer lives here. At 7343 E Camelback Rd, Scottsdale
AZ 85251 - 7/18 at 9:25 AM, The address provided is Evening
Entertainment Group. I spoke with Mike who advised they took over
the lease from Todd Borowsky who is no longer here. At 7374 E
Camelback Rd, Scottsdale AZ 85251 - 7/18 at 9:35 AM, address could
not be located and does not appear to exist. At 7633 E Acoma Dr
#205, Scottsdale AZ 85250: 7/18 at 10:10 AM, address is "A Cheap
Body Shop" and the Agent and LLC are unknown at this address.

| | | |
|---|---|---|
| 0 Document(s) served: | 0.00 | I certify under penalty of perjury that the foregoing is true and correct. Executed on: |
| 0 W/G(s) served: | 0.00 | |
| 0 Sales Notices posted: | 0.00 | Friday the 20th Day of July, 2018 |
| 85 Miles: | 204.00 | |
| Min. Miles Total | 0.00 | /S/ Bernard Johnson |
| Document Prep.Fee | 10.00 | |
| Witness Fee | 0.00 | Bernard Johnson        #MC-8152 |
| Filing Fee | 0.00 | Certified in MARICOPA County |
| Additional Cost | 0.00 | |
| | 0.00 | |
| | 0.00 | Track Down, Inc. |
| | 0.00 | P.O. Box 33020 |
| TOTAL | 214.00 | Phoenix, AZ 85067 |
| | | (602) 252-8521 |

2176360    (v4.35)

**Office Distribution**

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
07/11/2018
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

07/07/2018

COURT ADMINISTRATION

**Case Number:** CV2018-054064

**Devin Justine Takeguma**

**V.**

**Freedom Of Expression, L L C**

---

The Judge assigned to this action is the Honorable Bruce R Cohen

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 05/01/2018 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 07/30/2018. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

Chris DeRose, Clerk of Court
*** Electronically Filed ***
M. Cain, Deputy
7/16/2018 1:18:00 PM
Filing ID 9520387

1　Richard P. Traulsen – State Bar #016050
**BEGAM, MARKS & TRAULSEN P.A.**
2　11201 North Tatum Blvd., Suite 110
3　Phoenix, Arizona 85028-6037
(602) 254-6071
4　rtraulsen@bmt-law.com

5　Raymond P. Boucher CA Bar No. 115364
Brian M. Bush CA Bar No. 294713
6　(Admitted Pro Hac Vice)
**BOUCHER LLP**
7　21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
8　Tel:　　(818) 340-5400
Fax:　　(818) 340-5401
9　*ray@boucher.la*
*bush@boucher.la*
10

11　Attorneys for Plaintiffs

12　**SUPERIOR COURT OF THE STATE OF ARIZONA**

13　**COUNTY OF MARICOPA**

14　DEVIN JUSTINE TAKEGUMA, an ）
individual, VIVIAN KINDLE, an ）
15　individual, LUCY PINDER, an ）　　NO.　　CV2018-054064
individual, HEATHER RAE YOUNG, an ）
16　individual, JESSICA KILLINGS, an ）　**PLAINTIFFS' MOTION FOR**
individual, ROSIE JONES, an individual, ）　**ALTERNATIVE SERVICE AND**
17　　　　　　　　　　　　　　　　　　）　**FOR AN EXTENSION OF TIME**
　　　　Plaintiffs,　　　　　　　　　）　**FOR SERVICE OF PROCESS**
18　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　）
19　　　　　　　　　　　　　　　　　　）　(Expedited Ruling Requested)
FREEDOM OF EXPRESSION, LLC ）
20　d/b/a BONES, an Arizona Corporation; ）
and DOES 1 through 20, inclusive, ）　(Assigned to the Honorable Bruce R.
21　　　　　　　　　　　　　　　　　　）　Cohen)
　　　　Defendants　　　　　　　　　）
22

23　　　　　Plaintiffs, through counsel undersigned, move the Court for an Order allowing

24　service of process to be made upon Defendant Freedom of Expression, LLC d/b/a

25　Bones, by an alternate means of service per Rule 4.1(l), Arizona Rules of Civil

26

27　Procedure.　This Motion is supported by the attached Memorandum of Points and

28　Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' complaint was filed on May 1, 2018.  Despite diligent efforts (See Certificate of Attempted Service by Private Person), the Defendant has not been personally served through its statutory agent, Todd Borowsky.

On May 4, 2018, Plaintiffs requested service of process on Defendant Freedom of Expression, LLC d/b/a Bones, by process server Bernard Johnson, #MC-8152.  Mr. Johnson attempted to serve statutory agent Todd  Borowsky on May 6, 2018, at 4:14 p.m., on  May 7, 2018 at 11:01 a.m., on May 8, 2018 at 8:26 a.m., and on May 14, 2018 at 10:32 a.m. at 6130 East Cholla Lane, Scottsdale, Arizona.  Mr. Johnson's efforts to serve Defendant Freedom of Expression, LLC d/b/a Bones, are documented in the Certificate of Attempted Service (Exhibit A)

Plaintiffs request a 90 day extension of time up to and including October 31, 2018 to complete service of process on Defendant Freedom of Expression, LLC d/b/a Bones, by publication pursuant to Rule 4.1(l), Arizona Rules of Civil Procedure.

Additionally, Plaintiffs request that the Court expedite ruling on Plaintiffs' Motion for Alternative Service because the deadline for service of process is July 30, 2018.

RESPECTFULLY SUBMITTED this 16th day of July, 2018.

**BEGAM, MARKS & TRAULSEN, P.A.**

By /s/ Richard P. Traulsen
Richard P. Traulsen
11201 North Tatum Blvd., Suite 110
Phoenix, Arizona  85028-6037

[18794-000/368088/1]                    -2-

**BOUCHER LLP**

Raymond P. Boucher
Brian M. Bush
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2018 I electronically transmitted the foregoing document to the Clerk of the Maricopa County Superior Court using Electronic Case Filing through AZTurboCourt for filing and electronic service to the assigned judge in this case, The Honorable Bruce R. Cohen.


By /s/  Monica M. Rushton

# EXHIBIT A

BEGAM MARKS & TRAULSEN, P.A.
RICHARD P. TRAULSEN
STATE Bar # 016050
11201 N. TATUM BLVD, SUITE 110
PHOENIX, AZ  85028
(602) 254-6071
ATTORNEY FOR THE PLAINTIFF



CHRIS DEROSE, CLERK
RECEIVED CCB #2
DOCUMENT DEPOSITORY

18 JUN -8  PM 3: 29

IN THE SUPERIOR COURT
MARICOPA COUNTY, STATE OF ARIZONA

FILED BY: Evarquez

|  |  |
|---|---|
| DEVIN JUSTINE TAKEGUMA, AN INDIVIDUAL, VIVIAN KINDLE, AN INDIVIDUAL, LUCY PINDER, AN INDIVIDUAL, HEATHER RAE ET AL., PLAINTIFF<br><br>vs<br><br>FREEDOM OF EXPRESSION, LLC D/B/A BONES, AN ARIZONA CORPORATION; AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>DEFENDANT | NO. CV2018-054064<br><br>CERTIFICATE OF ATTEMPTED SERVICE BY PRIVATE PERSON<br><br>ASSIGNED TO THE HONORABLE JUDGE: |

STATE OF ARIZONA    )    ss.
County of Maricopa  )

The undersigned, being first duly sworn, states:

1.  That I am fully qualified, pursuant to RCP 4(d), to serve process in this cause:

2.  That on 05/04/2018 I received the following documents:

    a)  SUMMONS & COMPLAINT
    b)  CERTIFICATE ON COMPULSORY ARBITRATION
    c)
    d)
    e)
    f)
    g)
    h)
    i)
    j)
    k)
    l)

Service GPS coordinates Lat: 33.5098828    Lon: -111.9433726
Track Down, Inc.                  Client ID No....: 18794
P.O. Box 33020                    Field Report No.: 2169754     (v4.35)
Phoenix, AZ 85067
(602) 252-8521

-1-

3.  That the person served does not have any military obligations,
    except as noted below.

4.  That if this is an affidavit of posting of a trustee's sale, a
    due and diligent effort to ascertain whether or not trustors are
    affiliated with the military service was done, and no one could
    be found at the posting location who had knowledge of the
    trustors except as noted below.

5.  That I personally served copies of the above documents, on the
    person at the time, place and manner as follows:

ATTEMPTED SERVICE

Upon Freedom of Expression, LLC dba Bones, by attempting service on
Todd Borowsky, at 6130 E Cholla Ln, Scottsdale AZ 85253. Attempts
were made: 5/6 at 4:14 PM, 5/7 at 11:01 AM and 7:12 PM, 5/8 at 8:26
AM, and 5/14 at 10:32 AM, with no response and avoidance suspected.
Cards were left with no response. There was someone peeking out of
the home during multiple attempts but they refused to answer the
door. There is no further information available.

| | | |
|---|---|---|
| 0 Document(s) served: | $0.00 | |
| 0 W/G(s) served: | $0.00 | |
| 0 Sales Notices posted: | $0.00 | |
| 25 Miles: | $60.00 | |
| Min. Miles Total | $0.00 | |
| Document Prep.Fee | $10.00 | |
| Witness Fee | $0.00 | |
| Filing Fee | $0.00 | |
| Additional Cost | $0.00 | |
| | $0.00 | |
| | $0.00 | |
| | $0.00 | |
| TOTAL | $70.00 | |

I certify under penalty of perjury that
the foregoing is true and correct.
Executed on:
Tuesday the 05th Day of June, 2018

Bernard Johnson          #MC-8152
Certified in MARICOPA County

Track Down, Inc.
P.O. Box 33020
Phoenix, AZ 85067
(602) 252-8521

-2-                      2169754      (v4.35)

Richard P. Traulsen – State Bar #016050
**BEGAM, MARKS & TRAULSEN P.A.**
11201 North Tatum Blvd., Suite 110
Phoenix, Arizona  85028-6037
(602) 254-6071
rtraulsen@bmt-law.com

Raymond P. Boucher CA Bar No. 115364
Brian M. Bush CA Bar No. 294713
(Admitted Pro Hac Vice)
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:        (818) 340-5400
Fax:        (818) 340-5401
*ray@boucher.la*
*bush@boucher.la*

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| DEVIN JUSTINE TAKEGUMA, an individual, VIVIAN KINDLE, an individual, LUCY PINDER, an individual, HEATHER RAE YOUNG, an individual, JESSICA KILLINGS, an individual, ROSIE JONES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM OF EXPRESSION, LLC d/b/a BONES, an Arizona Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants | NO.    CV2018-054064<br><br>**ORDER FOR ALTERNATIVE SERVICE AND FOR AN EXTENSION OF TIME FOR SERVICE OF PROCESS**<br><br>(Assigned to the Honorable Bruce R. Cohen) |

Pursuant to Plaintiffs' Motion for an Order to serve Defendant Freedom of Expression, LLC d/b/a Bones, by an alternate method of service per Rule 4.1(l), Arizona Rules of Civil Procedure, and good cause appearing,

IT IS ORDERED that Defendant Freedom of Expression, LLC d/b/a Bones

-1-

may be served via publication.

IT IS ORDERED extending the time for service of process 90 days until October 31, 2018.

DATED this _____ day of July, 2018.


_____
Bruce R. Cohen
Judge, Maricopa County Superior Court

18794

**Granted as Submitted**
***See eSignature page***

Chris DeRose, Clerk of Court
*** Electronically Filed ***
W. Tenoever, Deputy
7/19/2018 8:00:00 AM
Filing ID 9528099

1  Richard P. Traulsen – State Bar #016050
   **BEGAM, MARKS & TRAULSEN P.A.**
2  11201 North Tatum Blvd., Suite 110
3  Phoenix, Arizona  85028-6037
   (602) 254-6071
4  rtraulsen@bmt-law.com

5  Raymond P. Boucher CA Bar No. 115364
   Brian M. Bush CA Bar No. 294713
6  (Admitted Pro Hac Vice)
   **BOUCHER LLP**
7  21600 Oxnard Street, Suite 600
   Woodland Hills, California 91367-4903
8  Tel:    (818) 340-5400
   Fax:    (818) 340-5401
9  ray@boucher.la
   bush@boucher.la
10

11 Attorneys for Plaintiffs

12          **SUPERIOR COURT OF THE STATE OF ARIZONA**

13                    **COUNTY OF MARICOPA**

14 DEVIN JUSTINE TAKEGUMA, an          )
   individual, VIVIAN KINDLE, an       )
15 individual, LUCY PINDER, an         )   NO.    CV2018-054064
   individual, HEATHER RAE YOUNG, an   )
16 individual, JESSICA KILLINGS, an    )   **ORDER FOR ALTERNATIVE**
   individual, ROSIE JONES, an individual, )  **SERVICE AND FOR AN**
17                                      )   **EXTENSION OF TIME FOR**
              Plaintiffs,              )   **SERVICE OF PROCESS**
18                                      )
   v.                                   )
19                                      )
   FREEDOM OF EXPRESSION, LLC          )   (Assigned to the Honorable Bruce R.
20 d/b/a BONES, an Arizona Corporation; )   Cohen)
   and DOES 1 through 20, inclusive,   )
21                                      )
22            Defendants               )
   _____ )

23          Pursuant to Plaintiffs' Motion for an Order to serve Defendant Freedom of

24 Expression, LLC d/b/a Bones, by an alternate method of service per Rule 4.1(l),

25 Arizona Rules of Civil Procedure, and good cause appearing,

26

27          IT IS ORDERED that Defendant Freedom of Expression, LLC d/b/a Bones

28

1   may be served via publication.

2
3           IT IS ORDERED extending the time for service of process 90 days until
4   October 31, 2018.

5           DATED this _____ day of July, 2018.
6

7

8

9                                           _____
                                            Bruce R. Cohen
10                                          Judge, Maricopa County Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[18794-000/368100/1]                    -2-

# eSignature Page 1 of 1

Filing ID: 9528099   Case Number: CV2018-054064
Original Filing ID: 9520387

**Granted as Submitted**



/S/ Bruce Cohen Date: 7/18/2018
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2018-054064             SIGNATURE DATE: 7/18/2018

E-FILING ID #: 9528099                 FILED DATE: 7/19/2018 8:00:00 AM


RICHARD P TRAULSEN



FREEDOM OF EXPRESSION, L L C
NO ADDRESS ON RECORD